**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALEXSANDRA VEIGA, BERTHA HOYOS, CRISTIANE NETTO, DOUGLAS COQUETO, ELIVAN P. LINS, HECTOR VASQUEZ, KATIA GOMES, LUIS CELY, LUZ CARMONA, MARYELLE GAMA, SYLVANNA COQUETO, WILSON HOYOS, MARCOS OLIVEIRA, APARECIDO DO CARMO, and LUZ ALVAREZ,**

                **Plaintiffs,**

**-vs-**                                          **Case No. 6:06-cv-126-Orl-DAB**

**FENAGGI BUSINESS CORP., F & T BUSINESS CORP., GREEN LIGHT OF JACKSONVILLE, CORP., EDEGAR A. PINTO, JOAO GERALDO A. DE MATTOS, LEILA ROSA DE MENDONCA, LARISSA DOS SANTOS SILVA, and NILDA M. DE CARVALHO,**

                **Defendants.**

_____

## ORDER APPROVING SETTLEMENT AND DISMISSING THE CASE

This cause came on for consideration without oral argument, following consent of the parties to the jurisdiction of the undersigned United States Magistrate Judge. The Report and Recommendation (Doc. No. 43) is hereby **VACATED** and replaced with this Order.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise

of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id*. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

A Settlement Fairness Hearing was held with counsel for all parties participating. Counsel appeared and indicated that all Plaintiffs have been located and that all Plaintiffs understood and accepted the settlement, memorialized in Settlement Agreement at Doc. No. 32-1. Based on the representations of counsel at the hearing and in papers filed, Plaintiffs were drivers who drove cars to and from the airport for rent-a-car purposes. They were all paid $6 per hour, with no half time. The settlement amounts set forth in Court Exhibit 1 (Doc. No. 39) represent 90% of the claimed overtime compensation and liquidated damages sought, according to counsel.

In view of the foregoing, the parties agreed to settle the matter for a total of $73,500.00, payable in installments over the course of a year, with each Plaintiff to receive the amounts set forth in the Exhibit; and counsel to receive $13,500.00 in fees and costs. While the attorney's fee is significantly higher than awards usually approved by this Court for similar cases, counsel represented at hearing that this fee represents only a portion of the time put into the case, due to the numerous Plaintiffs and issues involved. Absent objection by any party, the Court finds the settlement to Plaintiffs to be reasonable and fair, under the circumstances of this case.

In so finding, however, the Court specifically notes that the Settlement Agreement contains terms which appear to be overreaching or likely unenforceable (e.g., the Confidentiality provision is waived by the filing of the Settlement Agreement in the public record). The parties, however, stipulated on the record to strike the confidentiality provision and the "no participation in claims" clause that the Court found objectionable upon earlier review. As modified, the Settlement Agreement is **APPROVED** by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court therefore **dismisses** the action, but retains jurisdiction for the duration of the scheduled payments under the Settlement Agreement (12 months). The Clerk is directed to close the file.

**DONE** and **ORDERED** in Orlando, Florida on June 19, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record